IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:10-CR-134-WSD |
| v. | |
| WILLIE DAREN DURRETT, | |
| Defendant. | |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL

This matter is presently before the Court on Defendant's two Motions to Dismiss the Indictment and Motion to Adopt. Docket Entries [105, 116, 117]. For the reasons set forth below, the Court **RECOMMENDS** that Defendant's first Motion to Dismiss the Indictment be **DENIED AS MOOT** (Docket Entry 105) and Defendant's second Motion to Dismiss the Indictment be **DENIED** (Docket Entry 116). Defendant's Motion to Adopt is **DENIED AS MOOT**. Docket Entry [117].

## BACKGROUND FACTS

Defendant Willie Daren Durrett ("Defendant") was charged by the Grand Jury on March 1, 2011, with three counts of bribery in violation of 18 U.S.C. § 666(a)(1)(B) and (2). Docket Entry [83]. On April 13, 2011, Defendant moved to dismiss the indictment on the grounds that it was insufficient because it did not include sufficient factual material in support. Docket Entry [105]. On May 3, 2011, the Grand Jury returned a

Fourth Superseding Indictment charging one count of conspiracy to commit bribery in violation of 18 U.S.C. § 371 as well as three counts of bribery in violation of 18 U.S.C. § 666(a)(1)(B). Because the Government concedes that the May 3, 2011 Fourth Superceding Indictment charges exactly the same counts of bribery as the third Indictment but adds a conspiracy charge, Defendant's Motion to Dismiss the third Indictment should be **DENIED AS MOOT**. Docket Entry [105]. Defendant moved to dismiss the Superceding Indictment on May 31, 2011. Docket Entry [116]. Therein, Defendant again argues that the Superceding Indictment is subject to dismissal because it fails to provide factual material sufficient to give the Defendant notice of the crime with which he is charged, apprise him of the manner in which the crimes were committed, adequately apprise him of the crime he must defend against at trial, and protect him from prosecution for the same offense.

Finally, in Defendant's Motion to Adopt, he seeks to adopt his First Particularized Motion to Suppress Evidence and Statements (Docket Entry 106) and Motion to Suppress Identification Evidence (Docket Entry 107), which he previously filed in connection with the Third Superceding Indictment. However, Defendant subsequently withdrew both Motions to Suppress. Docket Entry [125]. Accordingly, Defendant's Motion to Adopt is **DENIED AS MOOT**. Docket Entry [117].

## LEGAL ANALYSIS

In Defendant's Second Motion to Dismiss Indictment, he argues that the Fourth Superceding Indictment is subject to dismissal because it fails to provide factual material

sufficient to give the him notice of the crime with which he is charged, apprise him of the manner in which the crimes were committed, adequately apprise him of the crime he must defend against at trial, and protect him from prosecution for the same offense. The Government responds that the indictment provides Defendant with sufficient detail of the charges against him because it tracks the language of the statute, includes the specific dates of each violation, and identifies the individuals involved with the briberies. The Government further argues that the Bill of Particulars also provides a general description of what Defendant was doing to earn the bribes. On reply, Defendant further argues the Indictment is insufficient because even if the more specific information within the Government's Bill of Particulars is taken into account, the Government omits to inform Defendant of the specific acts and circumstances constituting the offense for each count.

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to file a motion, alleging a defect in the indictment or information. Fed. R. Crim. P. 12(b)(3)(B). "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Schmitz, 634 F.3d 1247, 1259 (11th Cir. 2011). The sufficiency of a criminal indictment is determined from its face. United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)).

Each count of an indictment must be regarded as if it were a separate indictment and must stand on its own content without dependence for its validity on the allegations of any other count not expressly incorporated. Schmitz, 634 F.3d at 1261. Nevertheless, factual allegations of one count can inform the meaning of factual allegations of another count. Schmitz, 634 F.3d at 1263 n.10.

Furthermore, "[f]or an indictment to be valid, it must contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet." United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003) (internal quotation marks omitted). An indictment is defective if it is not framed to apprise the defendant with reasonable certainty of the nature of the accusation against him, even though it may follow the language of the statute. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). Thus, if the indictment tracks the language of the statute, it must be accompanied with a statement of facts and circumstances that will inform the accused of the specific offense, coming under the general description, with which he is charged. Id. That being said, "[i]t is not necessary for an indictment . . . to allege in detail the factual proof that will be relied upon to support the charges. That information, if essential to the defense, can be obtained by a motion of a bill of particulars." Sharpe, 438 F.3d at 1263 n.3.

In this case, the Government has alleged legally sufficient violations of 18 U.S.C. § 666(a)(1)(B) in Counts two through four. Defendant violated 18 U.S.C. § 666(a)(1)(B) if (1) he solicited or received anything of value; (2) with the corrupt intent

4

to be influenced or rewarded; (3) in connection with any business, transaction or series of transaction of the DeKalb County Police Department involving anything of value of $5,000 or more. United States v. McNair, 605 F.3d 1152, 1185-86 (11th Cir. 2010). Each of these elements are accounted for in the counts. Furthermore, not only does the Government identify and track the language of the statute, but, in addition, the Government alleges who gave the bribe and the approximate date upon which the bribe transaction occurred. The presence of these additional facts distinguish this case from Schmitz, 634 F.3d 1247 (11th Cir. 2011), upon which Defendant relies, because in that case, the Government alleged a three-year fraud with federal funds scheme but no facts describing the fraud scheme. Id at 1260-61. The Indictment there only tracked the language of the statute without providing any illuminating details. Id. In this case, using a common sense approach, Counts 2-4 of the indictment adequately notify Defendant of the offense of which he is charged because these counts make plain that he is charged with corruptly soliciting and accepting bribes from Amin Budwhani while he served as an officer with the DeKalb County Police Department and the approximate date upon which Defendant solicited and accepted the bribes from him. Given that the language of an indictment does not have to be linguistically precise and that the counts track the language of the statute and include allegations of the time period and actors involved, the indictment here satisfies minimal constitutional standards. United States v. Wall, 285 F. App'x 675, 680-81 (11th Cir. 2008) (indictment sufficiently charged bribery because the common sense construction of the indictment is that the Government

5

charged defendant because he took bribes); United States v. McCarter, 219 F. App'x 921, 926-27 (11th Cir. 2007) (holding sufficient indictment which charged defendants with "knowingly and willfully causing HUD to transfer by wire $100,687.41 for the purpose of executing defendants' scheme to defraud, and for obtaining money by means of false and fraudulent pretenses, representations, and promises, and for depriving the citizens of . . . Florida and . . . Tampa of the intangible right of honest services" and identifying individuals involved). Additionally, because the indictment identifies the actors involved, the illegal activity, and the approximate time period of the illegal activities, Defendant will be protected from prosecution for the same offense.

Similarly, although the conspiracy charge in Count I provides a less precise range of dates on which the alleged criminal activity occurred, it is still constitutionally sufficient. An indictment for conspiracy to commit a criminal offense need not be as specific as a substantive count and will pass constitutional muster if sets forth the essential elements of the offense, identifies the co-conspirators and the object of the conspiracy, the time span of the conspiracy, and the locale of the conspiracy. United States v. Bascaro, 742 F.2d 1335, 1348 (11th Cir. 1984). Indeed, Count I passes constitutional muster because it identifies the statute violated, references the essential elements of the offense, identifies the co-conspirators, provides facts about the quid pro quo for the bribery, notes that the conspiracy occurred in the Northern District of Georgia, and describes in general terms the manner in which the conspiracy operated. United States v. Wayerski, 624 F.3d 1342, 1350 (11th Cir. 2010) (explaining that

defendant was adequately informed of conspiracy charge against him where the indictment specifically referred to the statute upon which the charge was based, tracked the wording of the statute, named the co-conspirators, and alleged time and place of predicate violations); United States v. Bascaro, 742 F.2d 1335, 1348-49 (11th Cir. 1335) (holding that indictment sufficiently stated conspiracy to import a controlled substance charge where it identified co-conspirators, the controlled substance, as well as the time-span and locale of the conspiracy). This Court notes that the Eleventh Circuit has found indictments referencing less facts than or facts equivalent to those within the Fourth Superceding Indictment meet the minimum standards of the Constitution. See Wayerski, 624 F.3d at 1350; Wall, 285 F. App'x at 680-81; McCarter, 219 F. App'x at 926-27; Bascaro, 742 F.2d at 1348-49. Accordingly, Defendant's second Motion to Dismiss the Indictment should be **DENIED**. Docket Entry [116].

## CONCLUSION

For the foregoing reasons, the undersigned the Court **RECOMMENDS** that Defendant's first Motion to Dismiss the Indictment be **DENIED AS MOOT** (Docket Entry 105) and Defendant's second Motion to Dismiss the Indictment be **DENIED** (Docket Entry 116). Defendant's Motion to Adopt is **DENIED AS MOOT**. Docket Entry [117]. As there are no further motions pending, the undersigned certifies this case ready for trial. The clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this <u>31st</u> day of October, 2011.

<div style="margin-left:3em;">
<u>s/Linda T. Walker</u>  
LINDA T. WALKER  
UNITED STATES MAGISTRATE JUDGE
</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIE DAREN DURRETT,<br><br>    Defendant. | CRIMINAL CASE NO.<br>1:10-CR-134-WSD |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), within fourteen (14) days after service of this order, each party may file written objections, if any, to the Report and Recommendation. Pursuant to Title 18, United States Code, Section 3161(h)(1)(F), **the above-referenced fourteen (14) days allowed for objections is EXCLUDED from the computation of time under the Speedy Trial Act.**

Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the

district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this <u>31st</u> day of October, 2011.

<div style="text-align: right;">
s/Linda T. Walker<br>
LINDA T. WALKER<br>
UNITED STATES MAGISTRATE JUDGE
</div>