# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:10-cr-134-WSD |
| WILLIE DAREN DURRETT, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Willie Daren Durrett's ("Defendant" or "Durrett") Objections to the Report and Recommendations [133] in the Magistrate Judge's Order and Final Report and Recommendation and Order Certifying Case Ready for Trial (the "R&R") [131] which addressed Defendant's Second Motion to Dismiss Indictment [116].

## I. BACKGROUND

Defendant is charged in the fourth superseding indictment returned in this action with one count of conspiracy to corruptly solicit and demand benefit and to accept and agree to accept something of value from Amin Budhwani in violation of 18 U.S.C. § 371 (Count I), and three substantive counts of bribery in violation of 18 U.S.C. § 666(a)(1)(B) (Counts II, III and IV). Defendant was first named in the

third superseding indictment. In that indictment Defendant was changed with one count of bribery (Third Superseding Indictment, Count I). In the fourth superseding indictment, Defendant is recharged with the bribery charge alleged in the third superseding indictment and two other substantive bribery counts, in addition to the bribery conspiracy count. Durrett is the only defendant charged in the fourth superseding indictment.

On May 31, 2011, in response to the fourth superseding indictment, Defendant moved to dismiss the charges against him on the grounds that they did not sufficiently advise him of the crimes with which Defendant is charged. The Government filed its opposition to the motion, and also filed its Bill of Particulars providing additional factual information regarding the substantive bribery counts [123].[1] Even with the Bill of Particulars, Defendant moves to dismiss all counts of the indictment on the grounds that it does not provide sufficient factual material to advise Defendant of the crimes with which he is charged, fails to apprise him of the manner in which the crimes were committed, fails to adequately apprise him of

---

[1] When the fourth superseding indictment was returned, Defendant initially sought to renew, by moving to adopt [117], his First Particularized Motion to Suppress Evidence and Statement [106] and Motion to Suppress Evidence [107], which he filed following return of the third superseding indictment. Defendant withdrew his request and these motions are deemed abandoned. Defendant's only challenge to the pending indictment is based on his motion to dismiss.

the crimes against which he must defend at trial and otherwise fails to protect him from a subsequent prosecution for the same offense.

The R&R recommends that Defendant's motion to dismiss be denied on the grounds that the indictment alone, and certainly with the Bill of Particulars, provides sufficient factual information to advise Defendant of the charges against him. Defendant generally objects to the findings and recommendations in the R&R by reiterating the arguments he presented in his motion and by objecting to the R&R's failure to acknowledge that the fourth superseding indictment did more than simply recharge the defendant with the same offenses alleged in the third superseding indictment, including because the fourth superseding indictment alleged the additional counts against him.

## II. BACKGROUND FACTS

The indictment in this case alleges one count of conspiracy to commit bribery and three counts of bribery. The conspiracy count alleges:

> Beginning in or about September 2008 and continuing through on or about August 20, 2009, the exact dates being unknown, in the Northern District of Georgia, Defendant Willie Duren Durrett did knowingly and willfully and unlawfully combine, conspire, confederate, agree and have a tacit understanding with others known and unknown, including Donald E. Frank, to commit certain offenses against the United States, to wit: to corruptly solicit and demand for the benefit of any person, and accept and agree to accept something of value from Amin Budhwani, including to be influenced and rewarded in connection with the business, transaction, and series of transactions

of the DeKalb County Police Department, an agency which received
in a one year period benefits in excess of $10,000 under a federal
program, involving something of value of $5,000 or more, all in
violation of Title 18, United States Code, Section 666(a)(1)(B).

Indictment, Count I.

The count further alleges:

It was part of the conspiracy and the illegal objects thereof that Willie
Daren Durrett – then a DeKalb County Police Lieutenant who had
previously taken bribes from Amin Budhwani, an individual charged
separately – was again approached by Budhwani for assistance with a
personal matter that had no connection to official DeKalb County
Police business. Willie Daren Durrett, after improperly using his
official position in an attempt to assist Budhwani with his personal
problem, told Budhwani that Donald E. Frank, then a Deputy Chief of
Police with the DeKalb County Police Department, was better situated
within the Police Department to provide the kind of assistance
Budhwani sought, and introduced Donald F. Frank to Budhwani.
Willie Duran Durrett and Donald E. Frank each accepted money from
Budhwani in return for taking official actions as DeKalb County
police officers on Budhwani's behalf in this personal matter.

Id.

Count II alleges:

On or about July 10, 2007, in the Northern District of Georgia,
defendant Willie Duran Durrett, than a Sergeant with the DeKalb
County Police Department, an agency which received in a one year
period benefits in excess of $10,000 under a federal program, did
corruptly solicit and demand for the benefit of any person, and accept
and agree to accept something of value from Amin Budhwani,
intending to be influenced and rewarded in connection with the
business, transaction, and series of transactions of said Police
Department involving something of value of $5,000 or more.

Indictment, Count II.

4

Counts III and IV allege bribery in the same manner as Count II except Count III alleges that a bribery offense occurred "in or about September 2008," and alleging further that, at the time of this offense, Defendant was a lieutenant within the DeKalb County Police Department. Count Four alleges a bribery offense "from on or about October 20 through 27, 2008," also alleging that Defendant was a lieutenant at the time. Each bribery count alleges conduct in violation of 18 U.S.C. § 666(a)(1)(B).

After defendant moved to dismiss the indictment, the Government filed its Bill of Particulars [123] in which it provided additional factual information for the bribery counts. The Bill of Particulars stated:

Count Two: Defendant having identified himself as a police officer with DeKalb County Police Department, became involved in a financial dispute between A. Budhwani and S.S. by threatening S.S that S.S. needed to resolve matters with A. Budhwani or he would investigate S.S.

Count Three: Defendant Durrett agreed to call and harass D.J. and K.D.J. on behalf of A. Budhwani who wanted K.D.J to cease contact with him. Durrett identified himself as a police officer with DeKalb County Police Department.

5

>	Count Four:	At the request of A. Budhwani, Defendant came to Hartsfield international Airport wearing his DeKalb County Police Department Uniform [sic] to escort I.C. as he was leaving the country.

Id.

Defendant does not contest that the counts track the language of the conspiracy and bribery statutes but argues that "the R&R should have found that the counts in the Indictment at most merely tracked the language of the statute and **do not provide any factual** detail to inform the Defendant of what he is to defend against and do not protect him from prosecution for the same offense." Obj. at 11 (emphasis in original). Specifically, Defendant contends that "the fact that the Indictment allegedly 'names the person who gave the bribe' and the 'approximate', **but not specific,** date, does not provide the Defendant with sufficient **factual allegations and circumstances** to inform him of what he must defend against." Id. (emphasis in original). Defendant summarily claims there is "no factual detail . . . as to what the bribes in each count allegedly involved." Id. at 13.

The Government contends the indictment and each of its counts was legally and factually sufficient to put Defendant on notice of the crimes with which he is charged. The Government argues further that while the indictment alone is sufficient, the addition of the factual information provided in the Bill of Particulars

6

gives to the Defendant more than sufficient factual content to know and defend against the charges alleged in the indictment.

## III. STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). No objections were asserted to the facts set forth in the R&R, and having reviewed them for plain error, they are adopted as the Court's findings of

fact. The Court conducts its *de novo* review of the remaining findings and recommendations in the R&R.

**IV. DISCUSSION**

"An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Schmitz, 634 F.3d 1247, 1259 (11th Cir. 2011); United States v. McNair, 605 F.3d 1152, 1186 (11th Cir. 2010); United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003). While an indictment is evaluated for sufficiency on its face, the factual allegations of one count may inform the meaning of the factual allegations of another count. Schmitz, 634 F.3d at 1263, n.10;[2] United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). That is, "in determining whether an indictment is sufficient, [it is] read as a whole and give[n] a 'common sense construction.'" United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009).

---

[2] The express incorporation requirement of Rule 7(c)(1) of the Federal Rules of Criminal Procedure is not violated by using allegations in other counts of an indictment to inform a particular count so long as such other allegations are not transplanted in their entirety into the evaluated count. Id.

8

An indictment is not required to "allege in detail the factual proof that will be relied upon to support the charges [but] that information, if essential to the defense, can be obtained by a motion for a bill of particulars." United States v. Sharpe, 438 F.3d at 1263, n.3; see also United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985); United States v. Dooley, No. 2:09-CR-00016, 2011 WL 2162687, at *11 (M.D. Ga. June 2, 2011). Where the government has filed a bill of particulars, a court may consider the information provided in the bill in evaluating the sufficiency of charges against a defendant. United States v. Germany, 296 F.App'x. 852, 863-864 (11th Cir. 2008) (indictment, coupled with information disclosed by government in response to discovery requests and motion for bill of particulars, more than adequately appraised defendant of charges against him).

An indictment for conspiracy to commit an offense is not required to be as specific as a substantive count and is constitutionally asserted if it sets forth the essential elements of the offense, identifies co-conspirators, the object of the conspiracy, the conspiracy timeframe, and the situs of the conspiracy. United States v. Bascaro, 742 F.2d 1335, 1348 (11th Cir. 1984); see also United States v. Steele, 178 F.3d 1230, 1234 (11th Cir. 1999) (not necessary to allege specific date and time where date and time are not essential element of the offense and allegation that defendant illegally dispensed four different controlled substances

within a period of four months was sufficient). "Where time is not an essential element of the offense, it is sufficient to charge facts which show that the offense was committed within the statutory period of limitation and in such a case, even though there be a defect in the allegation as to time, it is one of form only." Id. (citing Butler v. United States, 197 F.2d 561, 562 (10th Cir. 1952)).

The Court evaluates first the sufficiency of the bribery counts – Counts Two, Three, and Four. The elements of a bribery charge brought pursuant to 18 U.S.C. § 666(a)(1)(B) are:

(1) Defendant was an agent of a government agency;
(2) The government agency was a corporation or other legal entity established and controlled by a government during the relevant one-year period;
(3) During that period the agency received benefits greater than $10,000 under a Federal program involving some form of Federal assistance;
(4) During that period the Defendant solicited, accepted or agreed to accept a thing of value from someone other than the agency;
(5) In return for such value the Defendant intended to be influenced or rewarded for a transaction or series of transactions of his agency involving something worth $5,000 or more; and,
(6) The Defendant acted corruptly.

Defendant's sufficiency of the factual allegations argument focuses on elements four and five. He claims the indictment was required to allege facts showing what value was exchanged for the services performed by Defendant, the specific day on which the bribe occurred, and the specific people involved. The Court concludes

that the indictment alone, and certainly with the facts provided in the Bill of Particulars, sufficiently, if not significantly, puts Defendant on notice of the charge against which he must defend.[3]

The bribery counts are plain and straightforward. Counts Two through Four each allege: (1) that Defendant was an officer with the DeKalb County Police Department; (2) that the DeKalb County Police Department was an agency that received benefits in excess of $10,000 under a federal program; (3) that Defendant acted corruptly; (4) that Defendant, in his position as an officer with the DeKalb County Police Department, solicited and demanded for the benefit of any person something of value from Amin Budhwani; and, (5) that Defendant accepted and agreed to accept something of value from Amin Budhwani intending to be influenced and rewarded in connection with the business, transaction, or series of transactions of the DeKalb Police Department involving something of value of $5,000 or more.

---

[3] The Court thus overrules Defendant's objection that more detail is required regarding the bribe and the value of the business, transaction, or series of transactions of the DeKalb County Police Department alleged in the indictment and concludes that the indictment is sufficiently specific regarding these matters and provides Defendant with reasonable certainty of the nature of the accusations against him and the charges to be defended against. See United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003); Obj. at 13-14.

Specifically, Defendant is advised in Count Two that he is charged with engaging in this bribery conduct on July 10, 2007. The Bill of Particulars also advised Defendant he is charged with offering to become involved in a financial dispute that Amin Budhwani had with a person referred to as S.S., and that Defendant is charged with agreeing to threaten S.S. to resolve his dispute with Budhwani or Defendant would investigate S.S.

Defendant is advised in Count Three that he is accused of bribery in September 2008. The Bill of Particulars specifically advised him that he is charged with agreeing with Amin Budhwani's request to contact persons identified as D.J. and K.D.J. to harass them because Budhwani wanted K.D.J. to stop calling him. In calling D.J. and K.D.J. Defendant is advised that he represented himself to be a DeKalb County police officer.

With respect to Count Four, Defendant is advised in the indictment that during the seven-day period of October 20-27, 2008, he is charged with accepting something of value from Amin Budhwani intending to be influenced to perform his duties as a lieutenant in the DeKalb County Police Department. The Bill of Particulars more specifically advised Defendant that the service he was paid by Budhwani to perform was to escort a person identified as I.C. through Hartsfield International Airport as I.C. was leaving the country.

The facts supporting each of these three counts are specific and detailed. For each of these three bribery counts Defendant is put on notice of the specific conduct in which he is alleged to have engaged in on each of three occasions, told by date or date range when the conduct alleged occurred, and identified, by initials, the specific people involved in the conduct alleged stating further that the conduct was engaged in as a result of an illegal payment of value by Amin Budhwani. Based on the Court's review of the record in this matter, it concludes that the indictment sufficiently alleges the elements of the offense of bribery in Counts Two, Three and Four, that each count notifies the accused of the charges against which the Defendant must defend and will enable Defendant to rely upon a judgment pursuant to the indictment as a double jeopardy bar for a later prosecution for the same offense or offenses. United States v. Salman, 634 F.3d 1247, 1259 (11th Cir. 2004). The indictment as supplemented by the additional factual content provided in the Bill of Particulars substantially puts Defendant on notice of the charges against him. See United States v. Dooley, 2011 WL 216286 at *11. Defendant's motion to dismiss Counts Two, Three and Four is denied.

The Court also has considered the sufficiency of Count One, which charges Defendant with conspiracy to commit bribery. An indictment for conspiracy to commit a criminal offense does not require the specificity of a count charging a

13

substantive offense since the crime is the agreement and not the carrying out of the offense itself. United States v. Bascaro, 742 F.3d at 1348. A conspiracy count passes sufficiency muster if it sets forth the elements of the offense, identifies the co-conspirators and the object of the conspiracy, the time span of the conspiracy and the conspiracy's locale. Id. Count One meets all of these requirements.

Count One alleges an agreement with two people, Defendant and Donald E. Frank ("Frank"), to commit the offense of bribery, by the payment of value to Defendant (a person employed by the DeKalb County Police Department, an agency that receives benefits greater than $10,000 under a federal program) by Budhwani intending to influence Defendant's duties to the police department that he served. United States v. Wayerski, 624 F.3d 1342, 1350 (11th Cir. 2010). The Count alleges further that Defendant was approached by Budhwani to assist Budhwani in a personal matter unrelated to official DeKalb County Police Department business, that Defendant improperly used his official position to assist Budhwani with this personal problem, and that Defendant and his co-conspirator Frank were offered, and accepted, money from Budhwani for helping him by taking action in their official capacities.

Finally, the Court addresses Defendant's reliance on Schmitz, 634 F.3d 1247, which he appears to suggest requires the Court to dismiss the indictment on

grounds of insufficiency. Defendant's reliance on Schmitz is miscalculated. Schmitz is factually and legally different than the case here.

In Schmitz, the defendant was charged under subsection (a)(1)(A) of Section 666 of Title 18. Specifically, the defendant was charged with having obtained government property "by fraud." Here Defendant was charged with the more narrow offense of corruptly soliciting, demanding or accepting something of value for services in his capacity as an officer of the DeKalb County Police Department. The Section 666(a)(1)(A) counts alleged that Schmitz, from the three and a half year period of January 2003 through October 2006, "knowingly and willfully did embezzle, steal, obtain by fraud and without authority convert to her own use and misapply" her salary, alleging each salary year as a separate count. There was no factual allegation describing the fraud alleged. The Schmitz court found "that the allegations of fraud in the federal-funds counts [were] insufficient because they provide[d] absolutely no factual detail regarding the scheme to defraud the CITY program." Id. at 1261. That is not the case here, where Counts Two, Three and Four provide factual content and specific dates or periods on or during which the alleged conduct occurred and Count One provides a detailed description of the conspiracy alleged and the conduct in which Defendant allegedly engaged in return for payment from Budhwani. The allegations, coupled with the factual detail in the

15

Bill of Particulars, substantially advise Defendant of the charges against which he must defend.[4]

**V. CONCLUSION**

For the reasons stated above and having concluded its *de novo* review and plain error review of the facts, the Court finds that the indictment provides sufficient factual allegations to advise the Defendant of the charges against him, especially when coupled with the factual content provided in the Bill of Particulars. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Findings and Recommendations in the Magistrate Judge's R&R [131].

**IT IS HEREBY FURTHER ORDERED** that Defendant's Objections to the Report and Recommendation [133] are **OVERRULED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Second Motion to Dismiss Indictment is **DENIED** [116]; and,

---

[4] The Court also overrules Defendant's objection that the indictment is ambiguous regarding what conduct the grand jury indicted him for and deprives him "of a basic protection which the guaranty of the intervention of a grand jury was designed to secure." See Russell v. United States, 369 U.S. 749, 770 (1962); Obj. at 8, 17-18. The specific and detailed indictment here does not require Defendant, the Government, the Court, or a jury to speculate on any of the essential facts and circumstances for each count or what conduct the Government contends is unlawful. See Bobo, 344 F.3d at 1084-85; Obj. at 18-20.

**IT IS HEREBY FURTHER ORDERED** that Defendant's First Motion to Dismiss Indictment and Motion to Adopt are **DENIED AS MOOT** [105, 117].

**SO ORDERED** this 25th day of January, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE